The state by controverting affidavit joined issue with the appellant upon the truth of the causes set forth in his motion for a new trial.

The court certified in the bill that the appellant entered a plea of not guilty and persisted in said plea.

The affidavit of the appellant recites that the offer of the state's attorney to him was made on the condition that he would plead guilty. The record shows that he entered a plea of not guilty and the court so certified in the bill of exception.

The court, upon the evidence offered, did not abuse his discretion in overruling the motion for a new trial. Art. 757, Vernon's Ann.C.C.P.; Berry v. State, 159 Tex.Cr.R. 492, 265 S.W.2d 86.

The judgment is affirmed.

Opinion approved by the Court.

Vivian BLISH, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 28785 to 28788.

Court of Criminal Appeals of Texas.

Jan. 16, 1957.

No attorney on appeal for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

PER CURIAM.

Forgery is the offense in each of the above cases; the punishment in each case, 6 years confinement in the penitentiary.

Accompanying the record in each case is appellant's personal affidavit requesting the dismissal of the appeal in each case. The request is granted.

The appeal in each case is dismissed.